Case 4:22-cv-00861-LPR    Document 1    Filed 09/19/22    Page 1 of 12

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 19 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT

~~Eastern~~ Eastern FOR THE

~~Western~~ DISTRICT OF Arkansas

| | |
|---|---|
| Bradley C. Burchfield, and others similarly situated | PLAINTIFF |
| v.   Case No. 4:22-CV-861-LPR | |
| Alibaba Group Holding Limited ("Alibaba"), | DEFENDANTS |
| Alibaba.com, Inc. ("Alibaba") | |
| (Jack Yun Ma, Joseph C. Tsai, Jonathan Zhaoxi Lu, | This case assigned to District Judge Rudofsky |
| Maggie Wei Wu, David Zhang), Third-party sellers of | and to Magistrate Judge Harris |
| Isopropylbenzylamine on Alibaba.com (Zichang New Materials | |
| (Shandong) Co., Ltd. (Erica Wang, Sweety Yin) | |
| Shaanxi Bloom Tech Co., Ltd. (Alex Vivi), etc); Casey Zhao; | |
| Gera Vid So; Shaanxi Bloom Tech Co., Ltd. (Alex Vivi); | |
| ; 400 South El Camino Real, San Mateo, CA 94402; | |
| 525 Almanor Ave., 4th Floor, Sunnyvale, CA 94085; | |
| sales@bloomtechz.com; Shandong Look Chemical Company; | |
| | |
| Timothy J. Shea and Uttam Dhillon (DEA directors, respectively, | Third-Party ~~Defendants~~ Plaintiff |
| in personal and official capacities) | |

**COMPLAINT**

Comes now the Plaintiff, Bradley C. Burchfield pro se, and for a CIVIL RICO COMPLAINT under 18 U.S.C Sec. 1961-1968 and 15 U.S.C. Sec. 1125 (a)(1)(A)(B) with the civil remedy pursuant to as well as 18 U.S.C Sec. 1964(c) and 15 U.S.C. Sec. 1125 (3)(4) as the Plaintiff herein, the owner of Burchfield Sales & Consulting, LLC., and Burchfield's Welding & Fabrication, LLC., was injured in both business and property by the Defendants, in kind.

WHEREAS the Defendants, in kind, have established an "enterprise" established to sell methamphetamine with a chemical formula of C10H15N, under its chemical CAS# 102-97-6 on Alibaba.com with the name isopropylbenzylamine, with a chemical formula C10H15N, is used, marketed, and shipped via mail as a "rust inhibitor" and "acrylic nail resin" as well as under the name calcium acetate and poly-vinyl alcohol. See Sedima, S.P.R.L. v Imrex Co., U.S. 105 S. Ct. 3275, 3284-85, 87 L. Ed. 2d 346 (1985) 18 U.S.C. Sec. 1961(a) for dealing in controlled substances punishable by federal or

state law by prison time of a year. In addition, these acts fall under Title 42 USC § 1962. Prohibited Activities. (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. And (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
*(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section*

WHEREAS the Plaintiff, as owner of a welding and metal fabrication business purchased several kilograms of the product from third-party "Alibaba" defendants(Shandong Look Chemical Company, Alex Vivi, Shaanxi Bloomtech Co.) incorporated by reference herein on Alibaba.com in February-April of 2020 until June of 2021 for use as, advertised by the third-party companies on the Alibaba.com site and in conversations stored on the "Alibaba cloud",  "rust inhibitor" to be used before and after welding, and as an "acrylic nail resin" for his sales and consulting business both of which were misrepresentations, and mail fraud as the salesperson insisted on shipping the product under the name calcium acetate, poly-vinyl alcohol, and acrylic nail resin, to the use of the product as neither long nail or short nail could be made from the liquid, and subsequently the Plaintiff was arrested with half a gram of the substance in April of 2021 and charged with possession of methamphetamine. Thus the defendants violated 15 U.S.C. Sec. 1125 (a)(1)(A)(B) by "misrepresenting in a commercial advertisement" that they were selling a "legal product", the origin of the products (also an act of mail fraud) as they were shipped from Rosemead, California by Erica Wang a sells associate for , Zichang New Materials (Shandong) Co., Ltd. and not China, and mislabeled the package that was mailed as other substances that were advertised on the site. This misrepresentation has cause multiple legal and monetary problems for the Plaintiff in an amount exceeding $90,000.00 USD.

WHEREAS the Plaintiff used the liquid form, purchased from Shandong Look Chemical Company in March-April 2020 and was told by the salesperson on Alibaba.com that it was a "rust inhibitor", as a paint prep and metal prep on his business owned welder which rusted the electrical components making it inoperable. After applying it to the underside of his business owned truck, 2002 Chevrolet Duramax 3500, to prevent the frame from rusting the volatile chemicals caused the transfer case to weaken which resulted in a hole in the metal subsequently releasing the oil from the transfer case ruining the transmission as well as any metal it was used on as advertised. See attached picture of transfer case.

WHEREAS the Plaintiff, sustained not only loss to his business and property from the transaction as the product turned out to be a diluent of methamphetamine which is illegal in the state of Arkansas and punishable by more than one year in prison, subsequently it could not be sold or used as advertised.

WHEREAS Alex Vivi the salesperson for Shaanxi Bloom Tech did not deliver a kilogram of isopropylbenzyalmine after it was paid for on Alibaba.com even after a dispute was made on the site. The plaintiff was told he would not be receiving his money or his product between March-April 2020. This commercial transaction harmed the Plaintiff and the arbitration was not successful leading the plaintiff to believe this was a "predicate act" violation of mail fraud 18 U.S.C. 1341 as the defendant said the product was mailed but it was never delivered leading the plaintiff to believe he was defrauded by

means of material false representations and promises, and that there was reasonable foreseeability that the mail would be used, and the mail was used according to Alex Vivi messages stored on the Alibaba cloud. This was the only package ordered and not delivered. The wire transfer was sent from First Financial Bank in Mena, Arkansas (available in discovery) to Citi Bank U.S. with Alibaba.com as the beneficiary with an address of 400 South El Camino Real, San Mateo, CA 94402.

WHEREAS the Plaintiff was found in possession of ½ gram of product purchased from Alibaba.com and charged with possession of methamphetamine in the state of Arkansas in April of 2021 and is facing a 6–12-year prison sentence hence he was proximately harmed by the transaction with irreparable injury to his business, property, and person. This also violated 15 U.S.C. Sec. 1125 (a)(1)(A)(B) most specifically (a)(1)(B) as the advertising was "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" as the product isopropylbenzylamine was promoted and advertised as a legal product.

WHERAS the Plaintiff filed 40+ 1983 forms and served one on the defendants, see 6:20-cv-06150, both by U.S. Mail and by files transferred to Casey Zhao, a third-party vendor of ephedra seneca seeds on Alibaba.com for Guangxi Naturix Import & Export Co., Ltd (https://ynbamboo.en.alibaba.com). The Plaintiff served the defendants in January of 2021, the sellers on the site issued a statement the site would no longer be selling the products isopropylbenzylamine after April 2021 but did divulge this material information to investors in violation of Securities Exchange Act.

WHEREAS on December 5, 2021, the Plaintiff received a threatening message from Gera Vid So referring to a third-party seller, Casey Zhao, on Alibaba.com which is a predicate act of 18 U.S.C. Sec. 1512(b)(3), 1513, and 18 U.S.C 1514(d)(1)(B)(i) establishing a "pattern of racketeering activity" by committing multiple "predicate acts" against the plaintiff. It is the Plaintiff's belief that Casey Zhao, a Chinese national, transmitted this information to Gera Vid So an associate of the Sinaloa Cartel. See attached Exhibit A3.

WHEREAS this same "pattern" of the third-party vendors acting as an "alter ego" of the parent company Alibaba.com and Alibaba Group Holding Limited has been exhibited in infringement cases in the southern district of New York, as well as several securities fraud cases, See Moonbug Entm't v All Night Revelry Store (S.D. NY 2022) which is a reason the "corporate veil should be pierced" as the liabilities of one company have been shifted to another front company/s in the same pattern to avoid responsibility.

WHEREAS under 18 U.S.C Sec. 1963(k) the testimony of any witness relating to the forfeiture of property by mitigation or remission petition may be ordered to be taken by deposition under Fed. R. Crim. P. 15. Under 18 U.S.C. Sec. 1963(4) a hearing must be held 30 days after filing.

WHEREAS the "predicate acts" have injured the Plaintiff, and others similarly situated, under 18 U.S.C Sec. 1962 and 1963 the Plaintiffs move to have the court consider this a class action and to certify the class with proper appointment of counsel.

WHEREAS this Honorable Court has jurisdiction and venue over the defendants under 18 U.S.C Sec. 1963(j) to enter orders without regard to the location of any property, as the Alibaba defendants address of business in the United States has been listed as a defendant to bare the

same name as the beneficiary on the third-party vendor bank accounts at Citibank New York branch, or security.

WHEREAS the court also has jurisdiction under 18 U.S.C. Sec. 1965(a-d) and immunity of witnesses can be found under 18 U.S.C. Sec 6001-6005. See U.S. v Keltner (8th Cir. 1998); U.S. v Wilson (E.D. Ark. 1998), and any person injured by a defendant is due damages threefold the loss.

WHEREAS the Plaintiff entered into multiple contracts with Alibaba.com and third-party sellers, beginning in March of 2020 until June 2021, which could make the plaintiff a contractor, sub-contractor, employee, or as in this case one-kilogram package, purchased from Shandong Look Chemical Company in March of 2020, was addressed from the Consignor, David Zhang the then CEO of Weifang, China, to the Plaintiff as the Consignee this could also protect the Plaintiff as a "whistleblower" under SEC regulations and 18 U.S.C. 1514(a). See Civil Action to Protect Against Retaliation in Fraud Cases 18 U.S.C 1514A(e)(1)(2) NONENFORCEABILITY OF CERTAIN PROVISIONS WAIVING RIGHTS AND REMEDIES OR REQUIRING ARBITRATION OF DISPUTES. See Sedima, S.P.R.L. v. Imrex Co. U.S. 105 S. Ct. 3275, 3284-85, 87 L. Ed. 2d 346 (1985)

WHEREAS the officers of Alibaba.com, Inc. and Alibaba Group Holding Limited violated their fiduciary duty to shareholders and concealed material information in the process, thus violating the mail fraud statute, 18 U.S.C. 1341, these acts were intentional and willful conduct designed to deceive or defraud investors by artificially (repurchasing stock with funds from RICO predicate acts and discoverable through bank transfers at Citibank US) affecting the price of securities. See Ernst & Ernst v Hochfelder, 425 U.S. 185, 199, 96 S. Ct. 1375, 1384, 47 L. Ed. 2d 668 (1976). None of this information was disclosed to the plaintiff while he was a shareholder from 2016-2020 when he purchased Alibaba (BABA) stock on E*Trade.

WHEREAS the Alibaba Defendant "Alibaba.com" principal place of address is 400 South El Camino Real, San Mateo, CA 94402; this court has jurisdiction to serve Alibaba.com at that address as a "continuing criminal enterprise", and every third-party defendant/seller, excluding Timothy J. Shea, has their Citibank account beneficiary listed as this address.

WHEREAS Alibaba Group Holding Limited principal place of business in the United States is 525 Almanor Ave., 4th Floor, Sunnyvale, CA 94085.

WHEREAS Erica Wang an American salesperson for Alibaba.com third-party vendor Zichang Materials ships the products sold on the Alibaba.com website from P.O. Box 6368, Rosemead, CA 91770 constitutes mail and wire fraud as the mail was used. From conversation with Erica Wang on the Alibaba.com website the plaintiff was told that Sweety Yin would handle the transaction. This product did arrive in June of 2021 from the address referenced herein from Erica Wang. This was also a violation of 15 U.S.C. Sec. 1125 (a)(1)(A)(B) as the destination of origin was not the advertised origin, and mail-fraud violation.

WHEREAS Timothy J. Shea and Uttam Dhillon have violated predicate acts of 42 U.S.C. 1961 and 15 U.S.C. Sec. 1125 (a)(1)(A)(B) by allowing misrepresentation of isopropylbenzylamine as a federally legal substance on the DEA website, with the same chemical formula as methamphetamine, "indirectly" allowing the Alibaba defendants to circumvent the Controlled Substances Act, similar to big tobacco companies advertising light cigarettes as being safer, "but

for" this "proximate cause" the plaintiff would not have continued purchased the product which is not listed on any schedule but has the same chemical formula as methamphetamine $C_{10}H_{15}N$ and does give a positive field test for methamphetamine and "Alibaba Defendants" advertise a 20 Metric ton per month supply rate on the site. However, the DEA has made no effort to publicly transmit this information to the general public and in the process assisted the "Alibaba" defendants in their "racketeering enterprise" to create a public nuisance and public health epidemic while continuing to federally incarcerate American citizens. In addition, these acts fall under Title 42 USC § 1962. Prohibited Activities. (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. And (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
*(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.*

WHEREAS Timothy J. Shea and Uttam Dhillon, the director of the DEA from July 2018 to January 2021, violated all of the subsections Title 42 USC § 1961, most specifically Section 1952 by continuing criminal prosecutions against the citizens of the United States for possession or sale of $C_{10}H_{15}N$ under 1961 (B) and 1961 (A)

Title 42 USC § 1961. Definition. As used in this chapter-(1) "racketeering activity" means:

(A) <u>*any act or threat involving ... relating to 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511*</u> (relating to obstruction of State or local law enforcement), section 1951 (relating to interference with commerce, robbery or extortion), section 1952 (relating to racketeering,

(B) <u>*Aiding and Abetting and Conspiracy Against the Rights of Citizens*</u>

WHEREAS bolt carriers for M16s and silencers are also sold on the site leading the Plaintiff to believe "Alibaba Defendants" appear to be a Communist China Military Company (CMCC) which are banned on the International Emergency Economic Powers Act from conducting business.

WHEREAS the Alibaba defendants conduct business with the Hebei Sinaloa Trading Co. (See attached Exhibit A1). Effectively linking them to the Sinaloa Cartel, a known narco terrorist organization and foreign narcotics kingpin.

WHEREAS on January 9, 2022, a threatening email from sales@bloomtechz.com , a third-party seller on the Alibaba website who was sold my email and contact information by Alibaba.com because the Plaintiff had inquired about isopropylbenzylamine on the site, was sent to the plaintiff

instructing "him to keep silent" about the sales of the chemical $C_{10}H_{15}N$ in its various forms. See attached Email Exhibit A2. A violation of 18 U.S.C 1514(d)(1)(B)(i).

WHEREAS these threatening messages and emails are violations of 18 U.S.C 1512 (b)(3) as the communications are attempts to prevent the Plaintiff from pursuing cases against the defendants, in kind, in Federal court of possible commissions of Federal offenses. See attached email.

WHEREAS these transmissions to the Plaintiff from Gera Vid So and third-party vendors of Alibaba.com of words, pictures, and/or sound while utilizing a landline telephone, cell phone, computer, corporate internet service, or public internet service is a violation of interstate wire communications under 18 U.S.C. 1343 as well as the Communications Act of 1934 and are intended to intimidate or retaliate against the defendant for "providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings," against the defendants violating 18 U.S.C. 1513 (a)(1)(B) and 18 U.S.C 1514(d)(1)(B)(i) as these marketing emails serve no legitimate purpose other than to harass the plaintiff or entice an addict into making a purchase of possible illegal products and directing him to "keep silent" about the possible illegal acts. The plaintiff is in fear for his life. These are two predicate acts required for filing a CIVIL RICO claim.

WHEREAS the Plaintiff has shown many predicate acts of RICO offenses by the defendants were not only the "but for" cause of his injuries but the "proximate" cause as well. Thus, part (b) does not restrict RICO injunctive relief to the government, but merely sets aside for civil RICO cases the traditional rule that only a victim may enjoin a crime. See In re Debs, 158 U.S. 564, 582-84, 15 S. Ct. 900, 905-06, 39 L. Ed. 1092 (1895), quoting Religious Technology Center v. Wollersheim, 796 F. 2d 1076 (9th Cir. 1986)

WHEREAS the defendants, in kind, have created a Public Nuisance by their conduct creating a proximate causation claim as their conduct was likely to cause a significant invasion of public right. See In re Firearm Cases 126 Cal. App 4th at 988 as the Defendants could reasonably foresee (1) that their conduct would likely increase addiction, overdoses, deaths, and criminal prosecutions related to the sales of these chemicals without notice to the public of the legality, and (2) each link in the causal chain such that no intervening acts could sever that chain set up by the corporate structure, including federal government interference.

WHEREAS the Alibaba marketing defendants (sales@bloomtechz.com, Sweety Yin, Erica Wang, Alex Vivi), and the "DEA" made deceptive claims in promoting their $C_{10}H_{15}N$ products in order to sell and produce more methamphetamine derived products than the legitimate marked could support. Liability may be imposed on those who aid and abet another's violation of the UCL if the individual knows the other's conduct constitutes a violation of and gives substantial assistance or encouragement to the other to so act. DeCarlo v Costco Wholesale Corp. (S.D. Cal 2020)

WHEREAS the 9th Circuit has acknowledged that a consumer who has been overcharged may claim an injury to property in the context of a commercial transaction as the Plaintiff herein has made reference to by incorporation. See Canyon Cnty. v. Syngenta Seeds, Inc. 519 F. 3d. 969, 976 (9th Cir. 2008)

THEREFORE the Plaintiff seeks equitable relief against the defendants in kind in the form of permanent injunctions on the servers and the Alibaba.com site to combat the terrorist acts being committed under TRIA and the Foreign Narcotics Kingpin Designation Act with appropriate writs of attachment issued for $90,500.00 in compensatory damages to business property, attorney fees, and $500,000,000,000.00 in United States currency or real property for deprivation of rights, duress, physical pain and suffering, pre-judgment and post-judgment interest for punitive damages.

THEREFORE the Plaintiff wishes to begin proceedings with the Office of Foreign Asset Control to have the court establish these defendants herein as Foreign Narcotic Kingpins.

THEREFORE the Plaintiff wishes to be placed in the United States Marshals witness protection program, with other general victim assistance as he has no transportation to appear for any hearing.

THEREFORE the Plaintiff wishes to enter into a joint prosecution and sharing agreement to assist the United States Attorney in the prosecution of the defendants.

I declare the foregoing to be true and correct under penalty of perjury.

Respectfully Submitted,

8/29/22

Bradley C. Burchfield

3201 W. Pullen

Pine Bluff, AR 71601

479-223-0038

870-850-7527

burchfieldbradley123@icloud.com

*Threatening Email →*

*Page 1*

 Gmail

Burchfield Bradley <burchfieldbradley123@gmail.com>

## Details N-Isopropylbenzylamine
4 messages

**sales@bloomtechz.com** <sales@bloomtechz.com>    Sun, Jan 9, 2022 at 8:47 PM
To: burchfieldbradley123@gmail.com

Fresh batch out!
Only 16kg Blue Pure N iso crystal in stock, if miss each other, wait another month.
Price list (EXW USD$):
100g, $298usd, 500g, $496, 1kg, $820



**Very Important information of Isopropylbenzylamine, CAS 102-97-6 crystal series product:**
Welcome to become a new comer of our group of buyers, I am Aurora Song, sales manager.
**WhatsApp/WeChat: +86 17791833715**

Frankly, the most we have been asked is the **effect**.

We have made many kinds of chemicals into crystals successfully. The **FAQ** pls check below:
1. How we set the price
We set the product price according to the price of raw materials and product production cycle, The price has nothing to do with whether the product is nice to use.
2. Which is the best
From shape, Pure N ISO is big bar, it is the best. From smell, the 170N ISO and 2A4P is the best. Or some other new kinds of chemical, we researched it for our stable buyers, we can't disclose it to you.
If you request the big bar crystal is no smell, it is impossible. Because it is the theory of chemistry, it is nothing to do with capacity.
**Each words and pictures here is real, dont talk about any fake here!**
3. Could you disclose the shortcoming of our product?
Yes, Pure N ISO has a bit of smell, and our 170MP N ISO is little smell. 2A4P is also little smell, in addition, it

has many other positive comments from other users.

**4.Crystal Mixed service**

It must be a legal product, otherwise you have better keep silent.

← Threatening MSG

**Welcome to buy more chemicals from our company, welcome to be the senior buyer of our company and we can share more technology support for you!**

Maybe some of yours want to use the crystal for diluting, or want it has some effect of you want.

From the opinion of chemical researching, this is the Same Molecule Formula of $C_{10}H_{15}N$.

Does this chemical meet your requirements? Is it easy to use? This depends not only on

his molecule formula, but also on his chemical space structure and the pharmaceutical properties

that this structure should give.

## Price List(Without Shipping fee)

### 1.CAS 102-97-6, N-Isopropylbenzylamine(N ISO)

100g,$168, 500g,$389, 1kg,$650/kg

Please choose one specification below:

(1)Pure N iso 210, Largest crystal, smell

Pink/Blue/Yellow/Green etc. color N ISO,

1kg, $980/kg, Customization, Food grade

(2)N-ISO mixed 180 Medium

(3)N-ISO mixed 170, Smallest crystal, No smell


### 2.CAS 4395-73-7, 4-Isopropylbenzylamine(4 ISO)

100g,$280, 500g,$900, 1kg,$1,500/kg


### 3.CAS 22374-89-6, 2-Amino-4-phenylbutane(2A4P)

100g,$280, 500g,$900, 1kg,$1,500/kg


---

**Burchfield Bradley** <burchfieldbradley123@gmail.com>  
To: sales@bloomtechz.com

Sun, Apr 10, 2022 at 10:12 AM

Alex how you doing? Actually this product doesn't have a schedule with the DEA. But it's illegal in this state. I use it for a rust inhibitor, as was advertised. It didn't work.

[Quoted text hidden]

--

Hope credit

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com>  
To: nick@covenantrecovery.com

Fri, Jun 10, 2022 at 12:43 PM

[Quoted text hidden]

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com>  
To: s.nathan300192@yahoo.com

Mon, Jun 13, 2022 at 11:01 AM

---------- Forwarded message ---------
From: <sales@bloomtechz.com>
Date: Sun, Jan 9, 2022 at 8:47 PM
Subject: Details N-Isopropylbenzylamine
To: <burchfieldbradley123@gmail.com>

[Quoted text hidden]



The Transfer Case

FROM:
Bradley Burchfield
3201 W. Pullen St.
Pine Bluff, AR 71601

TO:
United States District Court
Office of the Clerk
500 N. Stateline Ave
Texarkana, AR 71854

Utility Mailer
10 1/2" x 16"

ReadyPost