IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

BRADLEY C. BURCHFIELD,

    *Plaintiff*,

v.

ALIBABA.COM LLC, *et al.*

    *Defendants*.

No. 4:22-cv-00861-LPR

### BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE OUT OF TIME A MOTION TO DISMISS WITH PREJUDICE AND OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF 14)

Defendants Alibaba.com U.S. LLC and Alibaba Group (U.S.) Inc. (the "Alibaba Defendants") respectfully submit this Brief in Support of their Motion for Leave to File Out of Time (1) a Motion to Dismiss the Complaint with Prejudice under Fed. R. Civ. P. 12 and (2) an Opposition to Plaintiff Bradley C. Burchfield's Motion for Default Judgment (ECF 14), copies of which are attached as Exhibits A and B to this Brief. For the reasons stated below and for good cause shown, the Motion should be granted and the Alibaba Defendants permitted to file the proposed Motion and Opposition.

### FACTUAL BACKGROUND

On September 19, 2022, the Plaintiff commenced this *pro se* action against 18 named defendants, including the Alibaba Defendants, former DEA directors Timothy J. Shea and Uttam Dhillon, and a variety of alleged "Third-party sellers" on Alibaba.com. (ECF 1 at 1).[2] He appears

---

[2] The Plaintiff initially sued Alibaba Group Holding Limited and Alibaba.com Inc. but was granted leave to amend the Complaint for the "limited purpose of correcting th[ose] named business entit[ies]" to the ones listed above. (ECF 9). Additionally, when referring to the allegations in the Complaint, this Brief cites to the pages on which the allegations appear because the Complaint does not contain numbered paragraphs.

to allege that the Defendants are all involved in a criminal enterprise to sell methamphetamine on Alibaba.com. (ECF 1 at 1-2). The Complaint seeks $500 billion in damages for allegedly engaging in a "pattern of racketeering" in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*, and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), as well as various other forms of relief. (ECF 1 at 7).

This is not the first action the Plaintiff has filed against Alibaba and U.S. officials for alleged civil RICO violations relating to the alleged sale of methamphetamine on Alibaba's website. After the Plaintiff was arrested and charged with possession of methamphetamine in April 2021 (ECF 1 at 2), he commenced similar actions in this Court and the Northern District of California against Alibaba-related entities and DEA directors for essentially the same conduct he alleges in this suit. *See Burchfield v. Alibaba Group et al.*, Case No. 4:22-cv-193-DPM (E.D. Ark.); *Burchfield v. Alibaba Group Holding Ltd., et al.*, Case No. 4:22-cv-02925-HSG (N.D. Cal.).[3]

Judge Marshall transferred the case filed in this Court to the Western District of Arkansas after determining venue "properly lies" in that district. *See* Ex. C (April 13, 2022 Order, ECF 28, *Burchfield*, Case No. 4:22-cv-193-DPM). Because the Plaintiff was incarcerated at the time, however, and because he sought redress from a government official, the Western District of Arkansas screened the Complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. *See* Ex. D (May 17, 2022 Report & Recommendation, ECF 39, *Burchfield v. Alibaba Group Holding Ltd., et al.*, Case No. 1:22-cv-01023-SOH); Ex. E (June 9, 2022 Order of Dismissal, ECF 40, *Burchfield*, Case No. 1:22-cv-01023-SOH). The Northern District of California recently also

---

[3] According to the Complaint, the Plaintiff has also filed "40+ 1983 forms" against federal prison officials and several of the defendants named in this suit, referring to an action he commenced in the Western District of Arkansas in 2020 that was dismissed. (ECF 1 at 3) (citing *Burchfield v. Jones, et al.*, Case No. 6:20-cv-06150 (W.D. Ark.)).

dismissed the Plaintiff's complaint on the Court's own screening for failure to state a claim. *See* Ex. F (Dec. 9, 2022 Order of Dismissal, ECF 19, *Burchfield*, Case No. 4:22-cv-02925-HSG).

Within months of the transfer and dismissal of the prior action he filed in this Court, the Plaintiff commenced this action against roughly the same list of defendants for essentially the same conduct and same alleged violations of federal law. And on December 27, 2022—just weeks after the Northern District of California dismissed the same action on the Court's own screening for failure to state a claim—the Plaintiff filed Proofs of Service stating the Alibaba Defendants were served with the Complaint through their registered agents in California on December 20, 2022. (ECF 10).

On January 12, 2023, the Plaintiff filed a "Notice of Default and Application for Clerk's Entry of Default Judgment" against the Alibaba Defendants. (ECF 12). The Plaintiff's notice sought a default judgment pursuant to Fed. R. Civ. P. 55(b)(1), for "a sum certain of $500,000,000,000.00." (ECF 12 at 1). On January 19, 2023, the Plaintiff filed a second "Notice of Default and Application for Clerk's Entry of Default Judgment" against "all remaining defendants including directors of the DEA," (ECF 13 at 1), as well as a "Motion for Default Judgment" asking the Court "to enter a default judgment against the defendants" for the "sum certain" of $500 billion requested in the Complaint (ECF 14 at 1).

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 6(b), this Court may, for good cause, extend the time for a party to act if the failure to act within the deadline is the result of "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "The concept of 'excusable neglect' is flexible and permits courts 'where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Williams v. Cox*, Case No. 3:20-cv-00070-DPM-JTR,

2021 WL 864767 at *1 (E.D. Ark. Mar. 8, 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388-89 (1993)).

In determining whether to grant a motion to act out of time, the Court considers (1) the possibility of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the party acted in good faith. *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (affirming district court's decision to allow defendant to file answer more than six months after deadline passed); *see also Williams*, 2021 WL 864767 at *2 (granting motion to file answer six months after deadline passed based on employee's failure to provide copy of lawsuit to counsel, because delay was not material and denying the motion would prejudice defendants by not allowing them to defend the merits of the suit). The determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission"—including whether the moving party has a "meritorious defense." *Chorosevic*, 600 F.3d at 946, 947 (internal quotations omitted).

## ARGUMENT

This Court should grant the Alibaba Defendants' motion for leave to file out of time a motion to dismiss the complaint with prejudice under Fed. R. Civ. P. 12 (Ex. A), and an opposition to the Plaintiff's Motion for Default Judgment (ECF 14) (Ex. B) because all four factors weigh in favor of the request.

*First*, the Alibaba Defendants' delay was due to a good faith belief that the Plaintiff was incarcerated and subject to the Court's statutory obligation to screen his complaint pursuant to 28 U.S.C. § 1915A. The Alibaba Defendants believed in good faith the Plaintiff was still incarcerated when he served their registered agent in California on December 20, 2022—the Plaintiff said as much in his Complaint. (ECF 1 at 3) (Plaintiff was "charged with possession of

4

methamphetamine in the state of Arkansas in April of 2021 and ***is facing a 6-12 year prison sentence*** ….") (emphasis added).

The Alibaba Defendants assumed that this action, like all the others the Plaintiff filed against them, would be screened by the Court and dismissed without any defendant needing to appear. When the Court did not screen and dismiss the case, the Alibaba Defendants acted promptly—finding and retaining local counsel, investigating the adequacy of Plaintiff's attempts at service, researching their arguments for responding to the Complaint, and preparing the proposed motion and opposition. The six-week delay in responding to the Plaintiff's latest Complaint was not due to any bad faith but was based on the Alibaba Defendants' understanding that Plaintiff's Complaint would first be automatically screened by the Court.[4]

***Second,*** Plaintiff will not be prejudiced if the Court grants the motion for leave to file out of time. The Plaintiff has filed at least three different actions against Alibaba and U.S. government officials alleging the same or similar meritless claims. All the Plaintiff's prior actions have been dismissed upon the courts' own screening before any defendant appeared in those suits. Indeed, the Plaintiff has circumvented Judge Marshall's prior transfer of this case to the Western District of Arkansas by filing the same complaint again before this Court. There is no prejudice in allowing the Alibaba Defendants to appear and defend against Plaintiff's repeated and vexatious lawsuits.

***Third***, the length of the delay to file the proposed Rule 12 motion and response are not substantial and will not materially impact the progress of these proceedings. Less than six weeks have passed since the original deadline of January 11, 2023, for the Alibaba Defendants to answer or respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Less than three weeks have passed since the deadline to respond to the Motion for Default Judgment. *See* Local Rule 7.2(b). Courts

---

[4]   Whether the Plaintiff is still incarcerated is unclear to the Alibaba Defendants.

within this Circuit have allowed parties to answer or respond to a complaint well over six months after the Rule 12 deadline. *See, e.g.*, *Chorosevic,* 600 F.3d at 946-47 (affirming district court's order granting defendants leave to file answers nearly seven months late); *Williams,* 2021 WL 864767 at *2 (granting leave to file answer six months late). Nor are there are any pending discovery requests, depositions, or trial dates that would be impacted by allowing the Alibaba Defendants to file the proposed motion and response.

***Finally***, this Court should allow the Alibaba Defendants to file the proposed Rule 12 motion and opposition to the Plaintiff's Motion for Default Judgment because they have "meritorious defenses" to assert, "which is a relevant consideration." *Chorosevic*, 600 F.3d at 947. As explained more fully in the proposed Rule 12 motion, the Plaintiff's current lawsuit is just as meritless as all the others that have been summarily dismissed. The Alibaba Defendants have meritorious defenses of res judicata, failure to state a claim, lack of personal jurisdiction, and improper venue. The Alibaba Defendants should be permitted to raise those defenses in a Rule 12 motion, so this Court can reach an "adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process" and is the "judicial preference." *Id.*

## CONCLUSION

Taking account of all relevant circumstances, the Court should allow the Alibaba Defendants to file out of time the proposed Rule 12 motion and opposition to the Motion for Default Judgment.

Respectfully submitted,

*/s Lisa M. Geary*
Timothy C. Hutchinson (2000030)
Lisa M. Geary (2020102)
RMP LLP
5519 Hackett St., Ste. 300
Springdale, AR 72762
(479) 443-2705
thutchinson@rmp.law
lgeary@rmp.law

*Counsel for Defendants Alibaba.com U.S. LLC and Alibaba Group (U.S.) Inc.*

**CERTIFICATE OF SERVICE**

I, Lisa M. Geary, hereby certify that on February 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a notice of electronic filing and a copy of the filing to all counsel of record. I have also served a copy of this filing by Certified U.S. Mail on the following individuals, who have appeared in this action *pro se*:

Bradley C. Burchfield
3201 W. Pullen St.
Pine Bluff, AR 71601

/s Lisa M. Geary
Lisa M. Geary